IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIM L. HARRIS,

    Plaintiff,

v.                                        CASE NO. 4:13cv171-RH/CAS

TAYLOR COUNTY SCHOOL
DISTRICT,

    Defendant.

_____/

ORDER ON THE MOTIONS ADDRESSED
AT THE PRETRIAL CONFERENCE

For the reasons set out on the record of the pretrial conference on March 13, 2014,

IT IS ORDERED:

1. The defendant's summary-judgment motion, ECF No. 24, is DENIED.

2. The defendant's motion, ECF No. 36, to strike the plaintiff's own affidavit is GRANTED IN PART and DENIED IN PART.  These parts of the affidavit are struck: statements that are contrary to the plaintiff's unequivocal

Case No.  4:13cv171-RH/CAS

deposition testimony; statements not shown to be based on personal knowledge; and statements that set out only inadmissible conclusions or opinions.

    3. The defendant's motion, ECF No. 37, to exclude evidence of racial discrimination is GRANTED AND PART and DENIED IN PART.  Evidence of racial discrimination may be admitted to show a good-faith basis for the plaintiff's alleged assertion on November 7, 2011, that the defendant had engaged in racial discrimination.  Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: racial discrimination that was not known to and relied on by the plaintiff at the time of the November 7 assertion.

    4.  The defendant's motion, ECF No. 38, to exclude opinions of lay witnesses is GRANTED.  Lay witnesses may give admissible testimony on what they saw and heard.  They may not give opinions or draw conclusions on such things as whether what they saw and heard constituted racial discrimination.

    5.  The defendant's motion, ECF No. 39, to exclude evidence of economic damages is DENIED.  The plaintiff may introduce admissible evidence of lost earnings consistent with the plaintiff's Federal Rule of Civil Procedure 26(a)(1) damages disclosures.

    6. The defendant's motion, ECF No. 42, to exclude evidence of the dispute involving students Devera Eakins and Amy Dice and Ms. Dice's mother is

GRANTED.  Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: the dispute involving Ms. Eakins, Ms. Dice, and Ms. Dice's mother.

    7. The defendant's motion, ECF No. 43, to exclude statements made after the plaintiff's termination on November 7, 2011, is GRANTED IN PART and DENIED IN PART.  Statements made after the termination are not excluded for that reason alone.  But unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: that James Brannon made comments along the lines that Deborah Little's word was close to God's or that students' words didn't measure up to Ms. Little's.  This does not prevent introduction of evidence that after the termination, Mr. Brannon asked Shaneka Royal whether the plaintiff threatened Ms. Little.

    8. The plaintiff's motion, ECF No. 46, to exclude evidence of the plaintiff's boyfriend's murder is DENIED.  But unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: that the plaintiff was suspected of being involved with or implicated in any way in her boyfriend's murder.

    9. The defendant's motion, ECF No. 49, to strike the plaintiff's claims for equitable relief is DENIED.  A party who wishes to introduce evidence solely on the issue of equitable relief must so state on the record promptly after the jury is

sent out to begin its deliberations; a party who does not do so waives the right to introduce evidence that was not introduced during the jury trial.

SO ORDERED on March 18, 2014.

                                    s/Robert L. Hinkle
                                    United States District Judge